NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| Steven D'AGOSTINO, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> Heather WILSON, SECRETARY : <br> OF THE UNITED STATES AIR : <br> FORCE, *et al.*, : <br> : <br> Defendants. : | Civil No. 19-00281 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Partial Motion to Dismiss (Doc. 5). For the reasons expressed in the opinion below, Defendants' motion is **GRANTED**.

**I.    BACKGROUND**

This case stems from Plaintiff Steven D'Agostino's employment with and termination from the U.S. Air Force. Plaintiff brings this suit pro se against Heather Wilson as Secretary of the U.S. Air Force, the U.S. Air Force, the U.S. Department of Defense, the U.S. Army, and his former supervisors and coworkers Charles Dunn, Mika Beard, and W.T. Little. In his Complaint, Plaintiff alleges one count of wrongful termination and discriminatory refusal to rehire, one count of hostile work environment, one count of civil conspiracy, and one count of unpaid wages.

Plaintiff was employed by the Department of Defense during two separate time periods. (Compl. ¶1.) He worked for the U.S. Army as an "Electronics Engineer/ Computer Scientist" from

1

September 1988 through March 2002 and worked for the U.S. Air Force from March 2013 through September 2013 as a Visual Information Specialist. (*Id.*)

Plaintiff's employment with the U.S. Army ended when he was terminated in 2002. (Compl. ¶1.) After his 2002 dismissal was upheld in an arbitration proceeding, Plaintiff sued his arbitration counsel for malpractice. (*Id.* ¶¶11–12.) He obtained a jury verdict finding his counsel grossly negligent and was awarded $385,399 in damages, which he was ultimately unable to collect. (*Id.* ¶12.) After obtaining this verdict, Plaintiff sought to be reinstated at the U.S. Army. (*Id.* ¶13.) Plaintiff argued that because a jury found that his dismissal from the U.S. Army would not have been upheld at arbitration but for his counsel's negligence, the U.S. Army was obligated to reinstate him. (*Id.*) While acknowledging the verdict of the malpractice trial, the U.S. Army refused to rehire him. (*Id.*)

In September 2010, after the U.S. Army refused to rehire him, Plaintiff filed a pro se complaint against the U.S. Army in the District of New Jersey. *D'Agostino v. CECOM RDEC*, Civ. No. 10-4558, 2010 WL 3719623 (D.N.J. Sept. 14, 2010), *aff'd*, 436 F.App'x 70, 73 (3d Cir. 2011). Plaintiff argued:

> (1) that the Army's action to have him removed from employment was unwarranted, and that he would have won the arbitration case if it were not for his former attorney's negligence; (2) the arbitration award should not be binding on him because he was unaware that it was binding and that he did not knowingly waive any rights to sue; and (3) that despite the passage of eight years since he was removed from his job, he worked diligently to prove that the arbitration award is unjust.

436 F.App'x at 72. The district court dismissed Plaintiff's complaint for failure to state a claim, finding that Plaintiff's claims were already resolved in binding arbitration. *Id.* at 73. The Third Circuit affirmed, finding that Plaintiff was essentially seeking to hold "the Army liable for his

damages that stem from his former counsel's errors because he cannot recover those damages" from the attorney, and that Plaintiff failed to substantiate a legal basis of liability. *Id.*

Plaintiff again worked for the Department of Defense in his position as a Visual Information Specialist at the U.S. Air Force, beginning in March 2013 and ending in his termination in September 2013. (Compl. ¶1.) Plaintiff states that throughout this employment, he was subjected to discrimination, a hostile work environment, and was docked pay due to his disability, sleep apnea. (*Id*. ¶9.) Plaintiff states that he was ultimately wrongfully terminated from his position with the U.S. Air Force in retaliation for filing a grievance with the Equal Opportunity Office. (*Id*. ¶9.) Plaintiff now alleges that the discrimination that he was subjected to at the U.S. Air Force in 2013—the basis of this complaint—arises out of a pattern of conduct that began during his employment with the U.S. Army. (*Id*. ¶86–87.)

Defendants argue four points in their partial motion to dismiss. First, Defendants assert that Plaintiff's claims against the U.S. Army are barred from re-litigation because all claims against the U.S. Army were litigated in *D'Agostino v. CECOM RDEC*, Civ. No. 10-4558, 2010 WL 3719623 (D.N.J. Sept. 14, 2010). (Doc. 5, Defendant's Motion to Dismiss ("Def. Mot.") at 7.) Second, Defendants argue that Plaintiff's claim of civil conspiracy should be dismissed because Title VII of the Civil Rights Act of 1964 "provides the exclusive judicial remedy for claims of discrimination in federal employment." (Def. Mot. at 9.) Third, Defendants urge for the dismissal of all Defendants except for the Secretary of the United States Air Force—the only proper defendant in a Rehabilitation Act case. (Def. Mot. at 11.) Finally, Defendants request that this Court order Plaintiff to amend his complaint in conformance with Fed. R. Civ. P. 8(a) and to limit it to the remaining claims and parties if the partial motion to dismiss is granted. (Def. Mot. at 12.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint or portions of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion to dismiss, the court shall "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 244, 233 (3d Cir. 2008). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely contains "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" is insufficient to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

When a plaintiff is proceeding pro se, the court must evaluate the complaint more liberally in favor of the plaintiff and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se complaint should only be dismissed for failure to state a claim where "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 521 (quoting *Conley v. Gibson*, 355 U.S. 41, 41–45 (1957)).

## III. DISCUSSION

### A. Claims Against the United States Army

Defendants first argue that res judicata requires the dismissal of Plaintiff's claims against the U.S. Army. (Def. Mot. at 7.) The defense of res judicata, or claim preclusion, "may be raised

and adjudicated on a motion to dismiss and the court can take judicial notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F.App'x 36, 38 (3d Cir. 2008). Therefore, "a court may take judicial notice of the record from a previous court proceeding between the parties." *Id*. "The party seeking to take advantage of" res judicata has the burden of proving that it bars a subsequent suit. *Id.* Res judicata bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). Res judicata precludes claims that were actually brought in a previous action as well as claims that could have been brought at that time. *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013).

Plaintiff's litigation against the U.S. Army in *D'Agostino v. CECOM RDEC*, 436 F. App'x 70 (3d Cir. 2011) fulfills the necessary criteria for res judicata. A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). In Plaintiff's previous case, the Third Circuit affirmed the dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See D'Agostino*, 436 F. App'x 70. The claims in Plaintiff's previous case against the U.S. Army, like the present claims, alleged wrongful termination and disparate treatment based on his sleep apnea. *Id*. Therefore, the elements of res judicata are met here: there has been a final judgment on the merits, the former suit and present case involve the same claims, and the former suit and present claims are both against the U.S. Army.

Plaintiff argues that his claims against the U.S. Army are not precluded because they arise out of "a pattern of continuing violations (although they would be time-barred if standing on their own)." (Doc. 6, Plaintiff's Opposition Brief ("Pl. Opp.") at 1.) In making this argument, Plaintiff

misunderstands the "continuing violations theory," which is "an exception to the general rule of when the statute of limitation begins to run in a discrimination action." *Danao v. ABM Janitorial Servs.*, Civ. No. 14-6621, 2015 WL 2378644, at *17 (E.D.Pa. May 19, 2015). The continuing violations theory does not allow plaintiffs to re-litigate previously decided claims by alleging a new related injury. *See id.* at *18 (holding that "[s]ince Plaintiff has already pursued and received remedies for the prior discriminatory conduct and resulting injuries back in 2010, he may not now assert that such injuries are part of a continuing period of violations that spanned into 2013").

In the present case, Plaintiff is not seeking to bring claims against the U.S. Army that are time-barred and part of an ongoing pattern. Rather, he is attempting to re-litigate claims that the Third Circuit has already resolved. Therefore, all claims against the U.S. Army must be dismissed.

### B. Civil Conspiracy Claim

Plaintiff alleges that his supervisor, Defendant Dunn, and other employees at the U.S. Air Force engaged in "an intentional conspiracy" to fire him in "retaliation" for filing an EEO grievance, and to "uphold [his] wrongful termination." (Compl. ¶¶72, 111.)

Under New Jersey law, "A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Sunkett v. Misci*, 183 F. Supp. 2d 691, 722 (D.N.J. 2002). A civil conspiracy claim must be predicated upon an underlying tort that would be independently actionable against a single defendant. *In re Orthopedic Bone Screw Products Liability Litigation*, 193 F.3d 781 (3d Cir. 1999); *see also J.M. ex rel. A.M. v. East Greenwich Tp. Bd. Of Educ.*, Civ. No. 07-2861, 2008 WL 819968 (D.N.J. Mar. 25, 2008) (holding that a claim of civil conspiracy has to be predicated on "a viable tort claim against any of the defendants").

6

As the basis of his civil conspiracy claim, Plaintiff alleges that his supervisors and other employees conspired to terminate him in retaliation for his filing an EEO grievance. (Compl. ¶¶108–111.)[1] Defendants argue in response that, as Plaintiff's allegation of retaliatory firing does not constitute a separate underlying tort as required by New Jersey law, and as the Rehabilitation Act and Title VII provide the exclusive remedy for Plaintiff's claims of retaliatory termination, Plaintiff cannot bring his retaliation claims in the form of a civil conspiracy action. (Def. Mot. at 11) (citing *Marley v. Donahue*, 133 F.Supp.3d 706, 718 (D.N.J. Sep. 23, 2015), for the proposition that "Title VII. . . and the Rehabilitation Act provide the *exclusive* remedy for claims of discrimination and/or retaliation in federal employment").

Plaintiff's civil conspiracy count must be dismissed. As Defendants correctly note, this Court has previously found that a New Jersey civil conspiracy claim should be dismissed when the plaintiff has not alleged an actionable tort claim against any of the defendants. *See J.M. ex rel. A.M. v. E. Greenwich Twp. Bd. of Educ.*, Civ. No. 07-2861, 2008 WL 819968, at *12 (D.N.J. Mar. 25, 2008) (finding that the plaintiffs' civil conspiracy "claim must be dismissed because it is simply plaintiffs' IDEA claim recast as an alleged civil conspiracy"). Here, Plaintiff's civil conspiracy claim arises from his allegations of disability discrimination, for which Title VII and the Rehabilitation act provide the exclusive remedy. *See Riley v. Potter*, Civ. No. 08-5167, 2010 WL 125841, at *4 (D.N.J. Jan. 7, 2010) ("The Rehabilitation Act stands as the exclusive remedy for

---

[1] Despite the civil conspiracy count in Plaintiff's complaint relying only on New Jersey law, Plaintiff further claims in his opposition brief that 42 U.S.C. § 1985(3) also "clearly provides for a conspiracy cause of action against the individual defendants, consistent with the allegations as detailed within [the] complaint." (Pl. Opp. At 6.) Although Plaintiff improperly raises in his opposition brief what appears to be a new count under § 1985(3), this argument warrants Fed. R. Civ. P. 12(b)(6) dismissal even if it were properly raised, as "1985(3) may not be invoked to redress violations of Title VII of the Civil Rights Act." *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). The Supreme Court has explained that "[u]nimpaired effectiveness can be given to the plan of Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under 1985(3)." *Id.* Title VII is the only remedy for violations of rights created under Title VII; therefore, Plaintiff's allegations of conspiracy to discriminate against and terminate him (as violations of the Rehabilitation Act and Title VII), cannot suffice as the basis for a civil conspiracy § 1985(3) claim.

7

federal employees seeking redress for disability discrimination."). Although this provides a basis for dismissal, Plaintiff's civil conspiracy claim may also alternatively be dismissed because his Complaint does not allege sufficient facts to support a finding of conspiracy among Defendants.

In his civil conspiracy count, Plaintiff does not allege facts sufficient to support his conclusions. (Compl. ¶107.) For example, he states that after Defendant Dunn terminated him, "Mr. Dunn subsequently also needed the aid of other conspirators to uphold the wrongful termination," and goes on to name the alleged conspirators (including the Secretary of the U.S. Air Force herself) without at any point explaining how they conspired with Mr. Dunn. (Compl. ¶111.) In fact, throughout most of his Complaint, Plaintiff contends that Mr. Dunn's personal dislike of him was the reason he was terminated; he at no point alleges facts suggesting that the Secretary of the Air Force conspired with Mr. Dunn to terminate him.

As Fed. R. Civ. P. 8(a) demands that factual allegations "be enough to raise a right to relief above the speculative level," Plaintiff's civil conspiracy claim must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Harley v. City of New Jersey*, Civ. No. 16-5135, 2017 WL 2779466 at *12 (D.N.J. June 27, 2017) (dismissing a claim of civil conspiracy after finding that the plaintiff failed "to support his conspiracy claim with sufficient factual allegations" and had alleged "the conspiracy in a wholly conclusory fashion"); *Beauvil v. City of Asbury Park*, Civ. No. 18-991, 2018 WL 2455928 at *5 (D.N.J. June 1, 2018) (dismissing a civil conspiracy claim that contained only "conclusory allegations"). Accordingly, Defendants' motion to dismiss the civil conspiracy count is granted.

### C. Proper Defendant in a Rehabilitation Act and Title VII Suit

As Defendants correctly argue, the only proper defendant in this action is the Secretary of the United States Air Force. All of Plaintiff's claims, which arise from his allegation that he was

discriminated against and wrongfully terminated due to his disability, fall under the Rehabilitation Act and Title VII of the Civil Rights Act. *See* Compl. ¶ 90. The Rehabilitation Act is the "exclusive means by which a plaintiff may raise claims against federal agencies" to allege disability discrimination. *See Fanciullo v. United States Postal Serv.*, Civ. No. 12-5467, 2013 WL 5467169, at *4 (D.N.J. Sept. 30, 2013). The "only proper defendant in a Title VII or Rehabilitation Act action brought by a federal employee is the head of the employing department." *Id.* at n. 11 (collecting cases). Therefore, because Plaintiff's surviving claims all arise out of the same alleged discriminatory conduct for which the Rehabilitation Act and or Title VII provide the exclusive remedy, all of the named Defendants besides the Secretary of the U.S. Air Force must be dismissed.

### D. Leave to Amend

Defendants also ask this Court to order Plaintiff to amend his complaint in accordance with Fed. R. Civ. P. 8, noting that most of the 118 paragraphs in the Complaint include "multiple factual allegations." (Def. Mot. at 12.) While pro se complaints may be held to a less stringent standard than those drafted by legal counsel, a complaint should not be "confusing, ambiguous, redundant, [or] vague." *Wallach v. City of Pagedale*, 359 F.2d 57 (8th Cir. 1966). Because it is possible for Plaintiff to amend the Complaint to properly state the remaining claims against the remaining Defendant, the Court will grant Plaintiff leave to amend the remainder of his complaint in conformance with Fed. R. Civ. P. 8(a).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Partial Motion to Dismiss is **GRANTED**; Plaintiff's civil conspiracy claim and his claims against all Defendants except for the Secretary of the U.S. Air Force are **DISMISSED WITH PREJUDICE**. Plaintiff must amend his Complaint in accordance with this opinion. An accompanying Order shall issue.

Dated: 10/10/2019                                                  /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge